# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL ANGEL RODRIGUEZ,** | ) CASE NO. 7:20CV00458 |
| ) | |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| ) | |
| **JASON C. STREEVAL, WARDEN,** | ) By: Hon. Glen E. Conrad |
| ) Senior United States District Judge | |
| **Defendant.** | ) |

Plaintiff Daniel Angel Rodriguez, a federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331.[1] He raises two claims regarding (a) his prison classification status within the Federal Bureau of Prisons ("BOP") and (b) refusal by BOP staff to grant him credit for jail time previously served. After review of the record and taking judicial notice of court rulings in Rodriguez's prior court actions related to his current claim, the court concludes that Rodriguez's Bivens complaint must be summarily dismissed.[2]

Rodriguez has previously presented claims (a) and (b) in petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. With regards to claim (a), Rodriquez has asserted

> that the BOP is improperly classifying him as a higher security risk than he is. He claims that this improper custody classification has resulted in him being held at a high security facility "despite having low custody points." Specifically, he contends that he has been scored pursuant to a management variable ("MGTV")[3]

---

[1] When he filed this Bivens complaint, Rodriguez was confined at the United States Penitentiary in Lee County, Virginia ("USP Lee"), located within this judicial district.

[2] A complaint filed by an inmate against "a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[3] Pursuant to the BOP's Program Statement 5100.08, Ch. 2 p. 3, "a Management Variable (MGTVs) reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score—a score which may not completely/accurately reflect his or her security needs." Bureau of Prisons, "Inmate Security Designation and Custody Classification," available at https://www.bop.gov/policy/progstat/5100_008cn.pdf (last visited Dec. 18, 2020).

>that is improper, because it is based on criminal conduct of which he was acquitted in 1994.[4] He argues that this is in violation of the BOP's policies, and he also alleges that it constitutes a violation of his due process and equal protection rights. (Pet. 7, Dkt. No. 1.) He further argues that, even with the MGTV, he is only supposed to be at a medium security facility. He contends that the BOP "wrongly piggy-backed the (MGTV) on top of the [Public Safety Factor] to justify jumping two security levels instead of one security level higher than my score would otherwise require." (Id. at 12.)
>
>For relief, he asks that the court order the removal of the MGTV, which he says will result in his being housed "at worst" at a medium security facility and possibly a low security facility. (Id. at 8, 10.) He also asks for an immediate transfer to a different facility (specifically naming F.C.I. Miami), and he points out a number of other factors that support his placement there, including its proximity to his family. (Id. at 8–9.)

Rodriguez v. Streeval, No. 7:20CV373, 2020 WL 3840424, at *1 (W.D. Va. July 8, 2020) (Moon, J.).

Rodriguez's claim (b) in this Bivens case asserts that BOP personnel have miscalculated the length of his term of confinement. Specifically, he asserts that he is entitled to prior custody credit for 2,461 days that he allegedly overserved on a previous prison sentence. In response to this claim asserted in a § 2241 petition assigned to Senior United States District Judge Norman K. Moon, BOP officials contend that they have correctly calculated Rodriguez's sentence. See Rodriguez v. Streeval, 7:20CV00194, Resp. Opp'n, ECF No. 7. Judge Moon has not yet ruled on this § 2241 case.

In this Bivens complaint, Rodriquez has named the warden of USP Lee as the only defendant to both of his claims. He asks the court for injunctive relief directing BOP officials to stop the alleged violations of his rights.

---

[4] According to Rodriguez, in 1994, he "was charged with an assault on a federal officer but after a jury trial was acquitted of both counts related to the assault." Pet. 2, ECF No. 1.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In <u>Bivens</u>, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331, in limited circumstances, to award monetary damages and other relief to persons who prove a deprivation of constitutional rights through the conduct of individual federal officials. 403 U.S. at 392. A <u>Bivens</u> claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, and therefore, caselaw involving § 1983 claims is applicable in <u>Bivens</u> actions. See, e.g., <u>Farmer v. Brennan</u>, 511 U.S. 825, 839-47 (1994); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814–820, n. 30 (1982).

(a) Classification Based on Acquitted Conduct.

After review of the record and the related § 2241 petition, the court finds no merit to Rodriguez's claim (a) under <u>Bivens</u>. Judge Moon construed this claim as alleging due process and equal protection violations. He found no merit to either facet of the claim. He expressly stated that

> [a] due process claim is only cognizable when a recognized liberty or property interest is at stake. <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569–570 (1972). But no such interest is implicated here. To the contrary, there is no constitutionally "protected liberty interest in a particular classification within the BOP or in being confined in a particular institution." <u>Posey v. Dewalt</u>, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999).

<u>Rodriguez</u>, No. 7:20CV373, at *2. For these reasons, the due process claim fails. Judge Moon also stated that Rodriguez's "petition does not contain any facts to support an equal protection violation." Id. (citing <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001) (requiring allegation of plausible factual matter to show how plaintiff "has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of

3

intentional or purposeful discrimination")). The <u>Bivens</u> complaint and its attachments are similarly deficient. They simply do not provide facts showing that any particular inmate who was similarly situated to Rodriguez was treated differently because of intentional or purposeful discrimination. For the stated reasons, the <u>Bivens</u> complaint does not state any due process or equal protection claim on which relief could be granted. Therefore, the court will summarily dismiss claim (a) concerning Rodriguez's classification status in prison.

(b) Missing Credit for Prior Custody Time Served.

It is well established that a prisoner cannot use a civil rights action to attack "the fact or duration of his confinement." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005).[5] Thus, a civil rights claim for monetary damages or equitable relief is not cognizable if it implies the invalidity of a criminal conviction or sentence. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Under the rule set forth in <u>Heck</u>, a prisoner cannot use a civil rights action to obtain relief

> where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence. . . . [A] prisoner's [civil rights] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

<u>Wilkinson</u>, 544 U.S. at 81-82. Therefore, a <u>Bivens</u> action that essentially challenges the validity of a sentence as calculated is barred by <u>Heck</u>, absent a showing that the sentence calculation ruling has already been invalidated by other official means. See <u>Heck</u>, 512 U.S. at 486-87 (prisoner may not bring civil rights claims unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[5] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

The court concludes that Rodriguez's claim about his missing prior custody credits falls squarely in the category of civil rights claims barred by Heck.  If he could persuade a fact finder to agree with his contention that he has been denied credit for hundreds of days he has already served, that finding would necessarily imply the invalidity of his current term of confinement as calculated.  Rodriguez presents no evidence that the challenged BOP sentence calculations have been invalidated or overturned.  Accordingly, the court finds that Rodriguez's Bivens claim on this issue is barred by Heck and must be summarily dismissed as frivolous.

### III.

For the reasons stated, the court will summarily dismiss the entire action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim upon which relief could be granted.  An appropriate order will be entered herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER:  This  22nd  day of December, 2020.

                                                     /s/ Glen Conrad
                                                     Senior United States District Judge